[No. D008522. Fourth Dist., Div. One. July 17, 1990.]

ALVIN GOULART, Plaintiff and Appellant, v.
CRUM & FORSTER PERSONAL INSURANCE COMPANY,
Defendant and Respondent.

COUNSEL

Suuzen Ty Anderson for Plaintiff and Appellant.

Stockdale, Peckham & Werner, Danny R. Grant and Julie Morris Soden for Defendant and Respondent.

OPINION

**WIENER, Acting P. J.**—In *Chrisman* v. *Superior Court* (1987) 191 Cal.App.3d 1465 [236 Cal.Rptr. 703] this court held that an insurer was not entitled to a trial de novo on the issue of damages following an arbitration award notwithstanding a provision in the insurance contract authorizing such a proceeding. We held Insurance Code section 11580.2[1] requires binding arbitration of uninsured claims and that to hold otherwise would thwart "the statutory benefits of finality and avoidance of costly time consuming judicial involvement in attempting to recover benefits from one's own insurer." (*Chrisman, supra,* at p. 1469.) In this case we have the converse situation. Does *Chrisman* apply to the insured who wants a de novo trial on the issue of damages following an arbitration award? We conclude that it does and accordingly affirm the order denying plaintiff Alvin Goulart a trial on damages.

---

[1] All statutory references are to the Insurance Code unless otherwise specified.

## I

Goulart was injured when the car he was driving was struck by a vehicle being driven by an uninsured motorist. Goulart sought payment for his injuries pursuant to the terms of the uninsured motorist provision contained in his automobile liability policy issued to him by defendant Crum & Forster Personal Insurance Company. In an arbitration proceeding the arbitrator awarded Goulart $35,000. Pursuant to the terms of his insurance contract Goulart sought a trial de novo on the issue of damages. The court ruled *Chrisman* applied and denied his request. This appeal ensued.

## II

Goulart's insurance policy with Crum & Forster permits further proceedings following an arbitration award where the award exceeds the statutory minimum bodily injury liability limit, here $15,000. The policy provides that where the amount exceeds that limit "either party may demand the right to a trial." Where the demand is not made within 60 days of the arbitrators' decision, the arbitration award is binding. The provision permitting a trial de novo in the Crum & Forster policy in this case is identical to the arbitration provision of the insurance contract in *Chrisman*. *Chrisman* held the insurance contract did not give the insurer the right to a de novo trial in light of the legislative policy underlying the enactment of section 11580.2. (*Chrisman, supra*, 191 Cal.App.3d at p. 1469.)

Section 11580.2, subdivision (f) authorizes arbitration where the insured and insurer are unable to agree on the amount of damages. That subdivision also states that the "award or judgment confirming an award shall not be conclusive on any party in any action or proceeding between (i) the insured, his or her insurer, his or her legal representative, or his or her heirs and (ii) the uninsured motorist to recover damages arising out of the accident upon which the award is based." This provision makes clear that the arbitration award is not binding in any action or proceeding involving the uninsured motorist. By implication, however, arbitration would be binding in all other circumstances, i.e., any proceeding between the insurer and the insured. Thus even though Goulart correctly says the statute does not expressly say the arbitration between the insurer and the insured is "binding" that interpretation is necessarily drawn from the statutory language.

In spite of this language and our holding in *Chrisman* Goulart argues his rights under his insurance policy were expanded beyond those provided by statute. He asserts the statute cannot operate to restrict his benefits unless he was given proper notice. Because he did not receive such notice we must interpret his insurance policy in accordance with its terms.

The correctness of this argument turns on whether the alleged benefits from a trial outweigh the public policy considerations underlying the mandatory arbitration requirements of section 11580.2, subdivision (f). *Chrisman* succinctly states that the purpose of section 11580.2 was to make arbitration awards final, thereby avoiding the "costly time consuming judicial involvement in attempting to recover benefits from one's own insurer." This legislative policy involves not only a concern for the fair and prompt resolution of uninsured insurance claims through arbitration, but recognizes the burdens associated with judicial proceedings not only on the parties themselves but on the judicial system. If we were to deviate from *Chrisman,* the insured, but not the insurer, would be entitled to retrial in another forum, without any rational basis for so holding. If we were to reject *Chrisman* as precedent we would also be overlooking the California Supreme Court's description of arbitration as "a proper and usual means of resolving civil disputes." (*Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 714 [131 Cal.Rptr. 882, 552 P.2d 1178].) Based on these considerations, we hold the court correctly denied Goulart's request for a trial.[2]

### DISPOSITION

Order affirmed. The parties to bear their respective costs for this appeal.

Todd, J., and Wien, J.,* concurred.

---

[2] A similar conclusion relating to underinsured claims was recently reached in *United Service Automobile Association* v. *Superior Court* (1990) 221 Cal.App.3d 79 [270 Cal.Rptr. 376].

* Assigned by the Chairperson of the Judicial Council.