AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff and Counterdefendant-Appellee, v. PETER S. BAASKE *et al.*, Defendants and Counterplaintiffs-Appellants.

Second District   No. 2—90—0905

Opinion filed May 8, 1991.

684

William S. Wojcik, of Wojcik & Wojcik, of Woodridge, for appellants.

Robert L. Bartolone and Sandra Young, both of Purcell & Wardrope, Chartered, of Chicago, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

Defendants and counterplaintiffs, Peter and Miriam Baaske, and Walter and Cynthia Baaske as guardians and next friends of Erin and Brittany Baaske (the Baaskes), appeal from a judgment entered on the pleadings on the Baaskes' counterclaim for declaratory judgment. On appeal, the Baaskes contend that the nonbinding arbitration clause in the uninsured motorist section of their policy with plaintiff and counterdefendant, American Family Mutual Insurance Company (American Family), violates the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 613 *et seq.*) and is contrary to public policy.

In March 1988, Peter, Miriam, Erin and Brittany Baaske were injured when the car they were riding in was struck by a car driven by an uninsured motorist. At the time of the accident, Peter had an automobile insurance policy with American Family with limits of $100,000/$300,000. The Baaskes filed claims under the uninsured motorist coverage of the policy. Apparently, the parties were unable to agree on the amount of the claim, and the Baaskes requested arbitration. The "Arbitration" section in the uninsured motorist provision of the policy provides:

"We or an insured person may demand arbitration if we do not agree:

1. That the person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle.

2. On the amount of payment under this Part.

If the insured person requests arbitration, that person and we will each select one arbitrator. The two arbitrators will choose a third. If arbitrators are not selected within 45 days from the insured person's requests either that person or we may request that the arbitration be submitted to the American Arbitration Association.

Any arbitration award not exceeding the minimum limit of the Illinois Safety Responsibility Law:

1. Will be binding; and

2. May be entered as a judgment in any court having jurisdiction.
     * * *

If any arbitration award exceeds the minimum limit of the Illinois Safety Responsibility Law, either party has a right to trial on all issues in any court having jurisdiction."

The Baaskes and American Family named their arbitrators. A problem arose, however, concerning whether the Baaskes' arbitrator was discharged, and, as a result, the third arbitrator was not named within 45 days. The Baaskes then requested that the dispute be submitted to the American Arbitration Association (the AAA).

American Family filed a complaint for declaratory judgment requesting that the court determine whether the Baaskes were in compliance with the arbitration clause and whether, under the circumstances, they were entitled to submit the dispute to the AAA. The Baaskes responded with a counterclaim for declaratory judgment. They sought a declaration that the policy provision allowing for trial after arbitration if the award exceeds the minimum limit of the Illinois safety responsibility law (the nonbinding arbitration clause) was

contrary to section 143a(1) of the Illinois Insurance Code (the Code) (Ill. Rev. Stat. 1987, ch. 73, par. 755a) as well as public policy.

American Family filed a motion for judgment on the pleadings on the complaint and the counterclaim. Following a hearing, the court denied the motion for judgment on the pleadings as to the complaint, but it entered judgment on the counterclaim. The court found that there was "no specific language *** in the statute which would preclude the form of nonbinding arbitration contained in the policy" and that the nonbinding arbitration clause was not contrary to public policy. Following the entry of a final order on the complaint, the Baaskes filed their notice of appeal from the judgment on the counterclaim.

Section 143a(1) of the Code requires automobile insurance carriers to provide uninsured motorist coverage to their policyholders. It also provides:

"No *** policy shall be renewed or delivered or issued for delivery in this State *** unless it is provided therein that any dispute with respect to [uninsured motorist] coverage shall be submitted for arbitration to the American Arbitration Association or for determination in the following manner: Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association." (Ill. Rev. Stat. 1987, ch. 73, par. 755a(1).)

The Baaskes contend that where uninsured motorist claims are involved the statute provides for only one method of dispute resolution, which is arbitration. They conclude, therefore, that the policy provision permitting trial after arbitration violates the statute. American Family disagrees, contending that the statute merely requires the parties to arbitrate first and does not preclude subsequent trial. The issue is whether section 143a(1) mandates binding arbitration.

■ In construing a statute, courts must ascertain and give effect to the intent of the legislature and, accordingly, must look to the statutory language as the best indication of the intent of the drafters. (*Kirwan v. Welch* (1989), 133 Ill. 2d 163, 165.) Under the statute, disputes involving uninsured motorist claims must be submitted for arbitration; the word "arbitration," however, is not defined in the statute or elsewhere in the Code. When a statutory term is undefined, it must be given its ordinary and popularly understood meaning. *Lake County Board of Review v. Property Tax Appeal Board* (1988), 119 Ill. 2d 419, 423.

■ "Arbitration" is defined as the "hearing and determination of a case between parties in controversy by a person or persons chosen by the parties or appointed under statutory authority instead of by a judicial tribunal provided by law" (Webster's Third New International Dictionary 110 (1986)), or as the "reference of a dispute to an impartial (third) person chosen by the parties to the dispute who agree in advance to abide by the arbitrator's award issued after a hearing," or as "[a]n arrangement for taking and abiding by the judgment of selected persons in some disputed matter, instead of carrying it to established tribunals of justice" (Black's Law Dictionary 96 (5th ed. 1979)). Based on these definitions, we believe that arbitration is ordinarily and popularly understood to be binding and to be an alternative to or replacement for the judicial resolution of a dispute.

■ This interpretation is further supported by precedent from other jurisdictions finding similar or identical language to manifest a clear legislative intent that uninsured motorist arbitration statutes require binding arbitration. In *Goulart v. Crum & Forster Personal Insurance Co.* (1990), 222 Cal. App. 3d 527, 271 Cal. Rptr. 627, the court held that, although the statute "[did] not expressly say the arbitration between the insurer and the insured is 'binding' that interpretation is necessarily drawn from the statutory language." (*Goulart*, 222 Cal. App. 3d at 529, 271 Cal. Rptr. at 628.) The absence of specific statutory language requiring binding arbitration cannot frustrate a legislative intent to create binding arbitration. (*Pepin v. American Universal Insurance Co.* (R.I. 1988), 540 A.2d 21, 22, 23.) The "extended history of encouraging arbitration clearly implie[d] that normally it should be [binding], and, that at least with respect to damage issues, the arbitration award should not be subject to de novo trial court review." *Schmidt v. Midwest Family Mutual Insurance Co.* (Minn. 1988), 426 N.W.2d 870, 875.

■ Admittedly, arbitration is not always binding. For example, mandatory arbitration pursuant to Supreme Court Rules 86 through 95 (134 Ill. 2d Rules 86 through 95) is not binding. Any party who was present at the arbitration hearing may reject the arbitrators' award and request to proceed to trial (134 Ill. 2d R. 93). The supreme court rules, however, explicitly provide that arbitration pursuant to those rules is not binding, and the procedures for and costs of rejecting the arbitrators' award are set out (134 Ill. 2d R. 93). There are no similar provisions in section 143a(1) or elsewhere in the Code. We must conclude that arbitration pursuant to section 143a(1) is binding arbitration.

■■ ■ While parties are free to make their own contract of insurance, statutes that are in force at the time the policy is issued are controlling, and policy provisions in conflict with statutes are void. (*Bertini v. State Farm Mutual Automobile Insurance Co.* (1977), 48 Ill. App. 3d 851, 854.) The statute in force at the time the Baaskes' policy was issued called for binding arbitration of disputes over uninsured motorists claims; the provision of the insurance contract permitting trial after arbitration where the award exceeded the minimum limits of the safety responsibility law is in conflict with that statute, and it is void.

In light of our resolution of this issue, we need not address the Baaskes' public policy argument. However, we again note that other jurisdictions have considered this question and found that public policy constrains the interpretation of "arbitration" to mean binding arbitration. *Schmidt*, 426 N.W.2d at 875; *Mendes v. Automobile Insurance Co.* (1989), 212 Conn. 652, 563 A.2d 695; *Nationwide Mutual Insurance Co. v. Marsh* (1984), 15 Ohio St. 3d 107, 472 N.E.2d 1061.

The judgment of the circuit court of Du Page County on the Baaskes' counterclaim for declaratory judgment is reversed.

Reversed.

REINHARD, P.J., and DUNN, J., concur.