EUGENE BROOKS, Plaintiff-Appellant, v. CIGNA PROPERTY AND CASUALTY COMPANIES, Defendant-Appellee.

First District (2nd Division)   No. 1—97—4260

Opinion filed September 1, 1998.

E. Bryan Dunigan, of Chicago (Stephen J. Klyczek, of counsel), for appellant.

Debboli, Millman & Spiegel, of Chicago (Stephen C. Debboli, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

While working for Illinois Trailer Equipment Company, plaintiff Eugene Brooks was injured by an uninsured motorist. He notified his employer's insurance carrier, Cigna Property and Casualty Companies (Cigna), of his uninsured motorist claim under section 143a of the Illinois Insurance Code (Code) (215 ILCS 5/143a (West 1996) (formerly Ill. Rev. Stat. 1983, ch. 73, par. 755a)) and demanded arbitration. Eleven years after the accident with no resolution of his claim, Brooks filed suit against Cigna, alleging breach of contract and "vexatious delay." Cigna moved to compel arbitration, which the circuit court granted. Brooks now argues he cannot be compelled to arbitrate the claim. Because we conclude that arbitration under the Code is mandatory and cannot be waived, we affirm.

## FACTS

Brooks was injured in 1984 when involved in an automobile accident with Preston Strickland, an uninsured driver. At the time of the accident, Brooks was driving a truck owned by his employer, Illinois Trailer Equipment Company. Illinois Trailer Equipment Company had a policy of automobile insurance with Cigna that provided for uninsured motorist benefits. Brooks notified Cigna of his claim. At some point, Cigna offered to settle. Brooks rejected the settlement offer and renewed his previous demand for arbitration. His demand went unanswered and, in 1995, Brooks filed suit. Cigna's motion to dismiss based on the statute of limitations was granted. We reversed that decision in an unpublished order under Supreme Court Rule 23 (*Brooks v. Cigna Property & Casualty Cos.*, No. 1—96—2101 (January 23, 1997)), and remanded to the circuit court for further proceedings. On remand, Cigna filed a motion to compel arbitration that was granted. The trial court did not address Brooks' "vexatious delay" count and that count remains pending in the trial court. We have jurisdiction pursuant to Supreme Court Rule 307(a). 166 Ill. 2d R. 307(a).

## ANALYSIS

### I. MOTION TO STAY APPEAL

Taken with the case is Brooks' motion to stay appeal. Because the constitutionality of section 143a is presently pending before the Illinois Supreme Court and the validity of section 143a is key to his ap-

peal, Brooks contends this appeal must be stayed until the supreme court resolves the issue.

In *Reed v. Farmers Insurance Group*, 291 Ill. App. 3d 1068 (1997), the third district declared section 143a unconstitutional. The supreme court granted leave to appeal (*Reed v. Farmers Insurance Group*, 175 Ill. 2d 553 (1997)).

■ After thoroughly reviewing the merits of Brooks' motion and considering the benefits of staying this appeal, we deny Brooks' motion to stay. The statute found unconstitutional in *Reed* is the 1996 version of the statute, not the 1983 statute that is relevant to the instant case. The 1996 version contains different provisions, in particular, the "escape hatch" provision allowing for review of arbitration awards above minimal financial liability limits but binding awards below those limits. The crux of the *Reed* decision was the inequity and unconscionability of this provision in that it favors insurers because arbitration awards above liability limits are nonbinding and awards lower than those limits are binding. See *Reed*, 291 Ill. App. 3d 1068. In the instant case, the relevant version of section 143a contains no "escape hatch" provision. The statutory language is neutral and there is no differentiation between awards below the limits and those above the limits. Based on the difference in the statutory provisions and because the third district's decision centered on the offensive nature of the distinction between high and low awards, we conclude that the supreme court's resolution of *Reed* would not affect the issues before us.

Accordingly, we deny Brooks' motion to stay appeal.

## II. STANDARD OF REVIEW

■ "A motion to compel arbitration is in the nature of a prayer for injunctive relief, and a denial [or grant] of that motion can be reviewed by an appellate court as an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1)." *Yandell v. Church Mutual Insurance Co.*, 274 Ill. App. 3d 828, 830 (1995). The standard is whether the trial court abused its discretion in granting or denying the motion to compel. *Yandell*, 274 Ill. App. 3d at 831. "The sole issue before the appellate court on an interlocutory appeal is whether a sufficient showing was made to sustain the order of the trial court." *Yandell*, 274 Ill. App. 3d at 830.

## III. PROPRIETY OF GRANTING MOTION TO COMPEL ARBITRATION

Brooks first contends that he cannot be compelled to arbitrate because he is not a party to the arbitration agreement contained in the insurance policy; he is merely a third-party beneficiary.

▪ Arbitration was designed to speed the resolution and determination of disputed issues. M. Rhodes, 14 Couch on Insurance 2d § 50:305, at 55 (Supp. 1998). See also *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 541 (1992) (arbitration provision added to statute to "expedite the processing of uninsured motorist claims"). Generally, "[a]rbitration is a matter of contract, and a party cannot be required to arbitrate any dispute which he or she has not agreed to arbitrate." *Kennedy v. Commercial Carriers, Inc.*, 258 Ill. App. 3d 939, 943 (1994). Similarly, a nonparty to the contract or a third-party beneficiary cannot be compelled to arbitrate. See *Yandell v. Church Mutual Insurance Co.*, 274 Ill. App. 3d 828, 833 (1995); *City of Peru v. Illinois Power Co.*, 258 Ill. App. 3d 309, 312-13 (1994); *Jacob v. C&M Video, Inc.*, 248 Ill. App. 3d 654, 659 (1993); *Property Management, Ltd. v. Howasa, Inc.*, 14 Ill. App. 3d 536, 540 (1973).

▪ However, in Illinois, arbitration of uninsured motorist claims is provided for by statute. Statutes that are in force at the time a policy is issued are controlling. *American Family Mutual Insurance Co. v. Baaske*, 213 Ill. App. 3d 683, 688 (1991). Where a statute provides for uninsured motorist coverage, the statute becomes a part of each policy to which the statute applies to the same effect as if the statutory language were written in the policy. 8C J. Appleman & J. Appleman, Insurance Law & Practice § 5067.35, at 36 (1981). As such, in the case of arbitration of uninsured motorist claims more is involved than simply a matter of contract rights and remedies.

▪ Section 143a of the Illinois Insurance Code states:

"No such policy shall be renewed *** unless it is provided therein that any dispute with respect to such coverage shall be submitted for arbitration to the American Arbitration Association or for determination in the following manner: Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator ***. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association." Ill. Rev. Stat. 1983, ch. 73, par. 755a(1).

Arbitration under section 143a is binding on the parties. *American Family Mutual Insurance Co.*, 213 Ill. App. 3d at 688. The Illinois Supreme Court has interpreted section 143a to require arbitration of disputes " 'once coverage [is] established.' " *Topps v. Unicorn Insurance Co.*, 271 Ill. App. 3d 111, 114 (1995), quoting *Yapejian*, 152 Ill. 2d at 541. Thus, the Illinois Supreme Court has interpreted this section to require that the issues of liability and damages be submitted to arbitration for resolution and are not subject to judicial resolution or to judicial review, except under limited circumstances. *Yapejian*, 152

Ill. 2d at 541-43. See also *Reed v. Farmers Insurance Group*, 291 Ill. App. 3d 1068, 1073 (1997) (arbitration under section 143a is "compulsory arbitration *** mandated by statute"; "section 143a of the Insurance Code *** requires that all disputes regarding liability and damages be submitted to arbitration"); *Yandell*, 274 Ill. App. 3d at 831-32 ("[t]oday [unlike prior to 1978], by statute, all U[ninsured] M[otorist] claims are subject to mandatory arbitration"; "[s]ection 143a of the Illinois Insurance Code [citation] mandates binding arbitration, even if the policy provides for nonbinding arbitration"); *Topps*, 271 Ill. App. 3d at 114 (the Illinois Supreme Court has "interpreted section 143a(1) of the Illinois Insurance Code regarding uninsured motorist coverage [citation] to require arbitration of disputes concerning covered claims once coverage was established' [citation])"; *American Family Mutual Insurance Co.*, 213 Ill. App. 3d at 686 ("[u]nder [section 143a], disputes involving uninsured motorist claims must be submitted for arbitration"). More specifically, in *Herriford v. Boyles*, 193 Ill. App. 3d 947 (1990), the court was called upon to answer the following certified question: " 'Does [section 143a] require that an insured submit uninsured motorist claims to arbitration or does the statute merely require that insurance contracts afford the insured the option of arbitration?' " *Herriford*, 193 Ill. App. 3d at 949. The court concluded that section 143a "clearly requires mandatory arbitration of all disputed uninsured motorist claims." *Herriford*, 193 Ill. App. 3d at 951. Thus, the arbitration process is compulsory and the statute does not merely provide for optional arbitration.

Moreover, under provisions such as section 143a, "[t]he intent and effect of such a statute is to remove from the court and transfer to an arbitration panel the function of determining *** all issues as to coverage." 46A C.J.S. *Insurance* § 1691, at 675 (1993). "[A]ny statutory provisions concerning the arbitration proceedings must be followed." M. Rhodes, 14 Couch on Insurance 2d § 50:305, at 56 (Supp. 1998).

Based on the above, we conclude that arbitration under section 143a differs from contractual arbitration. The legislature intended that certain issues in uninsured motorist claims be determined solely through arbitration. Unlike parties to contractual arbitration provisions or in *under*insured motorist claims such as *Yandell*, the parties in *un*insured motorist claims must submit to arbitration.

■ When Brooks filed his claim for uninsured benefits, he voluntarily subjected himself to the Code mandates. The Code compels mandatory arbitration of uninsured motorist claims as to liability and damages; these issues cannot be resolved in the judicial forum. The circuit court correctly determined that Brooks' claim was subject to arbitration.

## IV. WAIVER AND ESTOPPEL

Notwithstanding that arbitration may be the proper forum, Brooks contends that Cigna's acts both before and after the filing of his complaint constitute waiver and that Cigna should be estopped from asserting its right to compel arbitration. Specifically, he argues that Cigna never attempted to assert its right to arbitration prior to Brooks filing suit and that it postponed Brooks' first request for arbitration and left unanswered Brooks' second and third requests for arbitration.

Although Illinois as well as other jurisdictions have stated that a party may waive the right to arbitration, these cases involve contractual arbitration provisions and, thus, rely solely on interpretation of contract law. Independent research has located no case addressing the issue of whether statutorily mandated arbitration may be waived.[1] For the following reasons, we conclude that, unlike contrac-

---

[1] No other jurisdiction has an uninsured motorist provision like Illinois' nor are they even comparable. California has the provision most similar in that it requires arbitration where the parties dispute the issues. Cal. Ins. Code § 11580.2(f) (Deering 1997). However, an insured in California can, by "agreement in writing," "delete the provision covering damage caused by an uninsured motor vehicle completely." Cal. Ins. Code § 11580.2(a)(1) (Deering 1997). In other words, uninsured motorist coverage is optional and can be rejected. The same is not true in Illinois. Each policy of insurance issued or delivered after July 1, 1963, requires that uninsured motorist coverage be included therein. It cannot be rejected. "On or after July 1, 1963, no policy *** shall be renewed or delivered or issued for delivery *** unless coverage is provided therein or supplemental thereto *** for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles *** because of bodily injury ***." Ill. Rev. Stat. 1983, ch. 73, par. 755a(1). Although at one time an insured in Illinois could reject uninsured motorist coverage, such right to reject uninsured motorist coverage was deleted by Public Act 86—841, effective January 1, 1990, and has not been replaced. See Ill. Rev. Stat. 1983, ch. 73, par. 755a(1) ("except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery before July 1, 1967").

In sum, each policy of insurance in Illinois must include a minimum amount of uninsured motorist coverage. Additionally coverage is available in amounts equal to the insured's bodily injury liability limits, but it is optional "unless specifically rejected by the insured." 215 ILCS 5/143a—2(1) (West 1996). See also *Cincinnati Insurance Co. v. Miller*, 190 Ill. App. 3d 240, 248 (1989) ("section 143a requires that an automobile policy must include uninsured motorist coverage in a minimum amount of $15,000/$30,000 as required by the Illinois Vehicle Code [and] section 143a—2 requires an insurer to offer, and the insured can accept or reject, additional uninsured motorist coverage up to the maximum liability limits of the automobile policy.")

tual arbitration provisions, parties cannot waive statutorily mandated arbitration absent some express statutory provision providing such a remedy.

First, unlike common law arbitration, statutory arbitration provisions, "instead of being revocable at will by either party, can now be specifically enforced by either party." 4 Am. Jur. 2d *Alternative Dispute Resolution* § 95, at 150 (1995). Moreover, if a provision in the insurance contract provided that arbitration was nonbinding, it would be void. *American Family Mutual Insurance Co. v. Baaske*, 213 Ill. App. 3d 683, 688 (1991) (any provision in conflict with the statute is void). Similarly, if a provision in the insurance contract provided that arbitration was optional, it would be void. From this, one can reasonably deduce that arbitration of uninsured motorist claims cannot be waived.

Uninsured motorist coverage is provided for by statute and the right to compensation under such a theory is conditioned upon the parties following the statutory procedures. In other words, the parties must proceed to arbitration on the issues of liability and damages if they dispute these issues. As such, we conclude that this is one of those "legal rights and doctrines which the parties cannot waive or stipulate away." See, *e.g., Country Mutual Insurance Co. v. National Bank*, 109 Ill. App. 2d 133, 137 (1969).

Finally, even assuming *arguendo* that Cigna could waive the mandatory statutory arbitration, we conclude that its conduct did not amount to waiver or estoppel. While it is true that Cigna did nothing to proceed to arbitration, Brooks did nothing either. Although Brooks claims to have made three demands for arbitration, the first request was not made until 1991, some seven years after the accident. Cigna postponed this arbitration, awaiting an additional witness statement. Brooks provided Cigna with this statement two months later; however, the record is devoid of what, if anything, transpired for some time thereafter. A settlement offer was made in February of 1994, but Brooks rejected this offer at the end of July of 1994, renewing his demand for arbitration. Again, he did nothing to facilitate arbitration at this time. At no time did Brooks utilize the statutory remedies available to him. Nor did he even comply with the statute in demanding arbitration. Pursuant to the statute, after Brooks requested arbitration, he was to appoint an arbitrator. If Cigna did not appoint its arbitrator or if Brooks' and Cigna's appointed arbitrators did not appoint a third arbitrator within 45 days from Brooks' request for arbitration, then Brooks could request that arbitration be submitted to the American Arbitration Association. On none of the three occa-

sions Brooks demanded arbitration did he appoint an arbitrator. Further, on none of the occasions did he, after Cigna's failure to respond, request that arbitration be submitted to the American Arbitration Association.

Based on the above, we conclude that Cigna could not waive arbitration under section 143a. Further, even if Cigna could waive its right to proceed to arbitration, its conduct in this case did not amount to waiver or estoppel.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the circuit court of Cook County granting Cigna's motion to compel arbitration. Because the trial court did not rule on Brooks' "vexatious delay" count, we remand.

Affirmed and remanded.

COUSINS and TULLY, JJ., concur.