**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA NEUMAYER, | No. 17-56469 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:16-cv-03508-AB-AS |
| ALLSTATE INSURANCE COMPANY; DOES, 1 through 100, Inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted March 6, 2019**
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Maria Neumayer appeals the district court's dismissal of her breach of contract claim, as well as the grant of summary judgment to Allstate Indemnity Company ("Allstate") on her breach of implied covenant of good faith and fair dealing claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the decisions of the district court.

This case arises out of an automobile accident between Maria Neumayer and an uninsured driver. At the time of the accident, Neumayer was insured by Allstate. Neumayer and Allstate disagreed about the amount of benefits she was due under the uninsured motorist clause of her insurance policy, and Neumayer demanded arbitration. The day before the arbitration hearing, Neumayer's counsel contacted the organization facilitating the arbitration and informed them that Neumayer would not attend the next day because she could not afford the arbitration fees. A representative from the organization instructed Neumayer's counsel to either discuss this issue at the hearing the next day or agree to pay a late cancellation fee. Neumayer's counsel did not respond to this communication and did not show up to the arbitration hearing the next day.

Following the arbitration, the arbitrator entered an award in favor of Allstate. Neumayer filed this action alleging that Allstate had breached their contract and breached the implied covenant of good faith and fair dealing. The district court

dismissed Neumayer's breach of contract claim and granted summary judgment to Allstate on Neumayer's breach of implied covenant claim.

The district court correctly dismissed Neumayer's breach of contract claim for failure to state a claim. Neumayer alleged that Allstate breached the insurance policy by setting up and participating in a "sham" arbitration, thus denying Neumayer the opportunity to present her case and win the benefits owed to her under the policy. However, the validity of the arbitration process and award can be challenged only by a petition to vacate or correct the award, which Neumayer did not file. *See* Cal. Code Civ. Proc. §§ 1285, 1286.4(a), *Rios v. Allstate Ins. Co.*, 68 Cal. App. 3d 811 (1977). Absent a petition to vacate or correct the award, an arbitration award is "binding in . . . any proceeding between the insurer and the insured." *Goulart v. Crum & Forster Pers. Ins. Co.*, 222 Cal. App. 3d 527, 529 (1990).

Neumayer also argues that the district court abused its discretion in denying Neumayer leave to amend the complaint. We disagree. As the district court explained, no matter how many facts Neumayer added, amendment would have been futile because the validity of the arbitration award is not at issue or justiciable in this action. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile. . . .").

17-56469

The district court also correctly granted Allstate summary judgment on Neumayer's claim of breach of the implied covenant of good faith and fair dealing. First, the district court properly found that Allstate's material facts were undisputed because Neumayer did not submit a Statement of Genuine Disputes as required by Local Rule 56-2 of the Local Rules for the Central District of California. *See Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their local rules."). The declarations submitted by Neumayer consisted largely of impermissible conclusory statements and legal conclusions. *See* 10B Charles Alan Wright, et al., *Federal Practice and Procedure*, § 2738 (4th Ed. 2018) ("[U]ltimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion.").

Second, because of the arbitration award in favor of Allstate, the district court properly found that Allstate did not owe Neumayer any contractual benefits. Because Neumayer was not due any benefits under the insurance policy, it is impossible to find that Allstate was withholding benefits. Under California law, "where no benefits are withheld or delayed, there is no cause of action for the breach of the covenant of good faith and fair dealing." *Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 278 (2005).

**AFFIRMED**.