[No. A069092. First Dist., Div. Five. June 28, 1995.]

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE
COMPANY, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
MELISSA LOUIE et al., Real Parties in Interest.

**COUNSEL**

Scadden, Hamilton & Ryan, Robert P. Hamilton and Eileen S. Wright for Petitioner.

No appearance for Respondent.

Anthony P. David for Real Parties in Interest.

## OPINION

**THE COURT.**[1]— ▇ In this case we hold that a trial court may order joinder of a personal injury action with a related uninsured motorist arbitration proceeding, where such joinder is necessary to prevent inconsistent rulings.

Real parties in interest Melissa and Ronald Louie are plaintiffs in a personal injury action against two motorists, each of whom rear-ended the Louies' car in two separate accidents within a period of about four weeks. The driver of the second car was not insured. Real parties filed an uninsured motorist (U/M) claim with their insurer, petitioner Prudential Property and Casualty Insurance Company. That claim is now in arbitration. Melissa Louie injured her lower back in both accidents. In order to avoid inconsistent rulings regarding the comparative fault of the two drivers, real parties petitioned the superior court to join the arbitration proceeding with the superior court action. (Code Civ. Proc., § 1281.2, subd. (c) (section 1281.2(c)).) The court ordered the joinder. Petitioner seeks a writ of mandate to compel the superior court to set the order aside. After full briefing and a waiver of oral argument by petitioner, we deny the petition.[2] We publish our decision for guidance of the bench and bar.

On September 15, 1992, the Louies' car was rear-ended by a vehicle driven by Loren Stolle, who is insured. On October 11, 1992, it was again rear-ended by a truck driven by Willie Condon, an uninsured motorist. Ms. Louie, a professional jazz dancer, was riding in the car both times and suffered injuries to her lower back which substantially hinder her career. She is unable to tell which accident caused how much injury.

Real parties filed a personal injury action against Stolle and Condon and an uninsured motorist claim against petitioner, based on their policy's U/M coverage. An arbitration proceeding on the U/M claim was commenced.

---

[1]Before Peterson, P. J., King, J., and Haning, J.

[2]After this matter was fully briefed, we issued an oral argument notice in lieu of an alternative writ or order to show cause. We informed the parties that we would issue a written opinion, that a cause would be created, and that our decision would determine the petition on its merits. (See Cal. Const., art. VI, § 14; *Kowis* v. *Howard* (1992) 3 Cal.4th 888 [12 Cal.Rptr.2d 728, 838 P.2d 250].) We further informed the parties that a failure to request oral argument by a date certain would be deemed a waiver thereof. Only real parties in interest requested oral argument; petitioner did not. Since real parties are to prevail in this proceeding, their appearance at oral argument would be superfluous. Since it is petitioner who seeks the unusual remedy of extraordinary writ, it was incumbent upon petitioner to request oral argument. Its failure to do so is, accordingly, deemed a waiver. We proceed to determine the petition on its merits.

Subsequently, real parties amended their complaint in the personal injury action to add petitioner as a defendant, and to allege that petitioner breached the insurance contract by failing to participate in a settlement conference with defendant Stolle in the personal injury action. Petitioner had refused to participate in the settlement conference because it was not a proper party to the action, and on the ground that the two accidents were distinct and caused different injuries. Real parties had countered that both accidents contributed to the back injury to some degree and petitioner's participation was pertinent to a fair adjudication of the U/M claim. Petitioner demurred to the second amended complaint on the ground that the U/M statute, Insurance Code section 11580.2, contained a "no action" clause barring suit against the insurer until the action with the uninsured driver was terminated (*id.*, subd. (f)). The superior court sustained the demurrer without leave to amend, and entered a judgment dismissing petitioner from the case. That judgment was not appealed from and is now final.

In arguing it had no duty to participate in the settlement conference because it was not a party to the action, petitioner explicitly noted that real parties were free to petition for joinder of the arbitration proceeding and the civil action under section 1281.2(c). After the demurrer was sustained, real parties did just that. Then petitioner *opposed* the request for joinder, arguing the court did not have jurisdiction to do so because the Legislature had intended U/M arbitration to be mandatory and joinder would interfere with the arbitration proceeding.[3] The trial court, expressing concern that separate proceedings could result in inconsistent rulings regarding the two drivers' comparative fault, granted the motion for joinder.

Section 1281.2(c) specifically gives the superior court the authority to order joinder of an arbitration proceeding and a civil action to avoid the possibility of conflicting rulings. Petitioner nevertheless insists the court lacks jurisdiction to do so in the case of U/M arbitration. Petitioner relies on the Legislature's mandate that all policies of car insurance include a provision for U/M coverage with an arbitration clause. (Ins. Code, § 11580.2, subd. (f).) Courts have interpreted this mandate as evidence the Legislature intends expeditious determination of disputes between an insurer and its insured. (See *Goulart* v. *Crum & Forster Personal Ins. Co.* (1990) 222 Cal.App.3d 527 [271 Cal.Rptr. 627]; *Chrisman* v. *Superior Court* (1987) 191 Cal.App.3d 1465 [236 Cal.Rptr. 703].) While this is true, we perceive no

---

[3]This court has noticed an increasing, and disturbing, tendency of counsel to alter argumentative course 180 degrees to suit the prevailing wind of expediency. "One may not alter one's [legal] argument as the chameleon does his color, to suit whatever terrain one inhabits at the moment." (*Aerojet-General Corp.* v. *Superior Court* (1989) 211 Cal.App.3d 216, 240 [258 Cal.Rptr. 684].)

legislative intent to abrogate the overarching power of the superior court to stay or join arbitration in its discretion under the various conditions set forth in section 1281.2, including the potential of inconsistent rulings.

With remarkable prescience, The Rutter Group arbitration practice guide notes: "This [invocation of the court's powers under section 1281.2] may be an important tool where an auto accident victim has claims against several defendants, one of whom is uninsured: Plaintiff's own insurance carrier is likely to demand arbitration of any claim for uninsured motorist coverage . . . . But piecemeal arbitration could be dangerous for plaintiff . . . because the insurance carrier may attempt to shift responsibility to the other (insured) defendants; and later, at trial, they are likely to blame the uninsured motorist!" (Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 1994) ¶ 4:328, p. 4-70.) "To avoid this dilemma, relief may be available under [section] 1281.2: i.e., the court can refuse to compel arbitration and order all parties (insured and uninsured) joined in a single action." (*Ibid.*; cf. *C. V. Starr & Co.* v. *Boston Reinsurance Corp.* (1987) 190 Cal.App.3d 1637, 1641 [236 Cal.Rptr. 167].)

The superior court had the power to order joinder of the arbitration with the civil action, to protect real parties from the danger of inconsistent determinations. The petition for writ of mandate is denied.

Petitioner's application for review by the Supreme Court was denied September 28, 1995.