[No. E019306. Fourth Dist., Div. Two. Jan. 21, 1997.]

LEON STEVENS et al., Petitioners, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
MICHELLE FRIDLEY, Real Party in Interest.

COUNSEL

Gomes, Jackson, Hulse & Klump and William R. Jackson for Petitioners.

No appearance for Respondent.

Jance M. Weberman and Douglas E. Klein for Real Party in Interest.

OPINION

RICHLI, J.—In this proceeding we determine that the "master calendar" rule does not apply to an assignment made via telephone by a court clerk. Petitioners' motion to disqualify the judge so assigned was timely and we, accordingly, direct the issuance of a peremptory writ of mandate in the first instance.[1]

FACTS

This action, a garden variety slip-and-fall case, was filed on October 16, 1991, in the Barstow branch of the San Bernardino Municipal Court.[2] It was set for trial on October 17, 1996. Because there were no courtrooms available in Barstow on that date, the matter was put on a day-to-day trailing basis throughout San Bernardino County.

On Thursday October 24, sometime after 3 p.m., defense counsel's secretary received a call from a court clerk in Barstow to inform counsel, William R. Jackson, that the case had been assigned to Judge Ziebarth for trial beginning on Monday, October 28, 1996, at 9:30 a.m. in Rancho Cucamonga. At that time Jackson was out of the office and the secretary said she would inform him immediately.

Jackson states that he was informed that the case had been assigned to Judge Ziebarth about 4:15 p.m. on October 24, and he told his secretary to

[1]After reviewing the petition and the opposition thereto, we informed the parties that we believe the petition raises an issue of general importance to the legal community which warrants the publication of a written opinion. We noted that the issuance of an alternative writ or order to show cause would unduly delay bringing this matter to trial, and advised the parties that a failure to request oral argument by a date certain would be deemed a waiver thereof. Neither party has requested oral argument. (*Prudential Property & Casualty Ins. Co. v. Superior Court* (1995) 36 Cal.App.4th 275, 277, fn. 1 [42 Cal.Rptr.2d 227].)

[2]We note that subsequent documents were filed in the superior court. We assume that the action is now pending in the superior court and that the petition was filed in this court because it seeks relief from a superior court's ruling. Even if this is not the case, we exercise our discretion to review this matter which raises an issue of general interest to the legal community. (*Legislature* v. *Eu* (1991) 54 Cal.3d 492 [286 Cal.Rptr. 283, 816 P.2d 1309].)

call the court to indicate that the defense would file a peremptory challenge. When the secretary called the court, she reached a recording that said that the court closed at 4 p.m. She called again the next morning and was to told to file a written motion.[3]

The defense filed a written challenge pursuant to Code of Civil Procedure section 170.6[4] on the morning of October 25.

Judge Ziebarth conducted a hearing on the timeliness of the challenge on October 29. After having his clerk recite for the record what she had found out about the history of the assignment of the case, he ruled that the challenge was not timely.

The clerk stated that she had spoken with a clerk in the Barstow branch who indicated that "the assignment had been made by the division manager. The division manager had called both parties and told them that this would be coming to Rancho. It would be heard by Judge Ziebarth in Department 7 and gave it [sic] time to report. [¶] That was on Thursday. And I understand that talking about the counsel that was around 3:00 o'clock in the afternoon. I did call [the] secretary for Mr. Jackson and she said, yes she had taken that phone call of Carolyn Roux,[5] and that indeed they were aware who the judge was and where it was going to be heard."

Judge Ziebarth then commented that "that was the reason I determined that the affidavit or challenge was filed too late because under C.C.P. section 170.6, it indicates that if the challenge is directed to the trial of the cause where there is a master calendar, which was our situation, the motion shall be made to the judge supervising the master calendar not later tha[n] the time assigned for trial. So, if there was an objection that had to be done . . . to indicate to the clerk that they were at least making an oral challenge, which would be confirmed by a written challenge, which would be filed immediately. [¶] Of course, that wasn't done. No challenge was filed until the next day, which was October 25th. [¶] So, that under the clear provisions of 170.6 the challenge is untimely."

---

[3]Declarations by Jackson and Carolyn Roux have been filed in support of the petition. Because these declarations were not before the trial court, we cannot consider them in this proceeding. (Cf. *People* v. *Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1173-1174, fn. 5 [17 Cal.Rptr.2d 815, 847 P.2d 1031]; *Fall River Joint Unified School Dist.* v. *Superior Court* (1988) 206 Cal.App. 431, 437 [253 Cal.Rptr. 587].) In any case, we note that there is no genuine dispute concerning the general sequence of events of the afternoon of October 24, as Jackson presented to the trial court at the October 29 hearing, and that specific details (e.g., the exact time Jackson's office received the call after 3 p.m., or Jackson's whereabouts at that time) are not crucial to the outcome.

[4]All further references are to the Code of Civil Procedure unless otherwise indicated.

[5]Carolyn Roux is Jackson's secretary.

## DISCUSSION

■ Petitioners contend that the trial court erred when it rejected their peremptory challenge based on its application of the master calendar rule, asserting that it is unreasonable to apply that rule to require an immediate challenge to be made where the assignment is made by an unannounced telephone call from a court clerk.

As our Supreme Court has noted, the general rule is that "a challenge of a judge is permitted under section 170.6 any time before the commencement of a trial or hearing." (*People* v. *Superior Court (Lavi)*, *supra*, 4 Cal.4th 1164, 1171.)

Subdivision (2) of section 170.6 establishes three exceptions to the general rule: the master calendar rule, the "10-day/5-day" rule, and the "all-purpose assignment" rule. It is obvious that neither the 10-day/5-day rule nor the "all-purpose assignment" rule has any application to the facts of this case. Thus, petitioners' challenge was timely, unless the master calendar rule applied requiring an oral objection to the telephoning clerk.

The master calendar exception of 170.6, subdivision (2) provides: "If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial."

Quite simply, the master calendar rule is not applicable to the procedure used in this case. The assignment was not made by a master calendar judge but by a "division manager" who we understand to be a person holding an administrative capacity in the clerk's office. The master calendar exception provides that the challenge be made immediately to the master calendar judge—not a court clerk.[6]

■ The master calendar exception envisions that the parties' attorneys are personally before the court when the assignment is made. It requires the challenge be made immediately upon the assignment in order to permit the "judge in the master calendar department to make an immediate assignment to another department and immediately to utilize the challenged judge for some other pending case." (*People* v. *Escobedo* (1973) 35 Cal.App.3d 32, 38 [110 Cal.Rptr. 550].) However, when a master calendar department assigns a

---

[6]Although we need not decide this point, we also believe it is questionable whether the assignment on October 24, for trial to begin on October 28, can be considered an assignment for immediate trial within the meaning of the master calendar rule as explained by the Supreme Court in *Lavi*. (*People* v. *Superior Court (Lavi)*, *supra*, 4 Cal.4th at p. 1177, fn. 8.)

case to a trial department well in advance of the trial date, the rationale of the master calendar rule does not apply. (*People* v. *Superior Court* (*Lavi*), *supra*, 4 Cal.4th 1164, 1175-1176.)

 Here also, when the parties were not present before the court when the assignment was made by a clerk for trial to begin in a few days, the rationale for the master calendar rule does not apply. There is nothing in the record which suggests what the division manager would have done if petitioners had voiced their challenge immediately. On a practical level, the division manager could not, in all probability, reassign the case without first consulting with other division managers and judges. Moreover, the division manager would be incapable of effecting a reassignment in the event of a dispute. We note that an effort to disqualify the assigned judge might engender factual and legal disputes that a clerk would have no authority to resolve. For example, the parties might dispute whether the challenge is precluded under section 170.6, subdivision (2), because the assigned judge had previously made ruling on a contested fact relating to the merits of the case.

The trial court itself viewed the oral objection as only a preliminary to a written challenge. As we have seen, the express provisions of section 170.6 certainly do not require such a preliminary notice. Furthermore, under the circumstances of this case, requiring an immediate "over the phone" objection would place an unnecessary burden on the parties without fulfilling any useful purpose. Under the trailing procedure used in this case, everyone concerned was aware that the parties would be notified by telephone of the assignment. Real party asserts that in this situation the attorney should have remained available to accept the telephone call and respond instantly with an appropriate challenge.[7] It is unrealistic to expect counsel to be at the receptionist's elbow to accept a call. Even in today's world of cellular telephones and pagers, there are occasions when counsel might be unavailable. In such cases, it might take a few minutes to locate the attorney. Here, it seems that counsel was notified of the assignment within 30 minutes. By that time it was too late to register an objection with the clerk's office by telephone. Petitioners moved as expeditiously as possible in filing a written motion the following morning.

In the alternative, real party suggests that once the case was set to trail "countywide" the defense should have been familiar with the identity of every judge sitting in all the departments and should have provided its staff with a list of judges that should be challenged. She argues that in the event counsel was not available to accept the call from the court clerk, the

---

[7]It should be emphasized that the case was trailing day-to-day, not hour-to-hour.

receptionist or secretary could make the challenge. Even assuming the master calendar rule applied, we would hesitate before interpreting it to require such law office practices. As we have explained however, we must conclude based on the language of the statute as well as the underlying policy that the master calendar rule does not apply to this case. Having so concluded, it is clear that the section 170.6 motion was timely.

Let a peremptory writ of mandate issue directing the Superior Court of San Bernardino County to set aside its order of October 29, 1996, denying petitioners' motion to disqualify Judge Ziebarth, and enter a new order granting the disqualification motion. This opinion is made final immediately as to this court. (Cal. Rules of Court, rule 24(d).)

Hollenhorst, Acting P. J., and McKinster, J., concurred.