Filed 6/4/24 (unmodified opinion attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LEAH LORCH,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>KIA MOTORS AMERICA, INC.,<br><br>    Real Party in Interest. | D083609<br><br>(San Diego County Super. Ct. No. 37-2020-00043357-CU-BC-CTL)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

The court on its own motion orders this opinion, filed on May 16, 2024, modified as follows:

On the second line of page 9, the notation "[cleaned up]" is deleted.

In the preceding sentence beginning on the bottom of page 8 and continuing on page 9, the quotation marks are deleted.

On the eighth line of page 9, the notation "[cleaned up]" is deleted.

In the preceding sentence, the quotation marks are deleted.

On the last line of the first paragraph on page 11, the notation "[cleaned up]" is deleted.

The preceding three sentences, beginning with "The master calendar exception envisions" and ending with "does not apply" are deleted. They are replaced with the following:

> "The master calendar exception envisions that the parties' attorneys are personally before the court when the assignment is made. It requires the challenge be made immediately upon the assignment in order to permit the 'judge in the master calendar department to make an immediate assignment to another department and immediately to utilize the challenged judge for some other pending case.' " The court added: "[W]hen the parties were not present before the court when the assignment was made by a clerk for trial to begin in a few days, the rationale for the master calendar rule does not apply."

In the Disposition on the last line of page 15, the words "against Lorch" are deleted.

There is no change in judgment.

BUCHANAN, Acting P. J.

Copies to: All parties

2

Filed 5/16/24 (unmodified opinion)

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LEAH LORCH,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>KIA MOTORS AMERICA, INC.,<br><br>    Real Party in Interest. | D083609<br><br><br>(San Diego County Super. Ct. No. 37-2020-00043357-CU-BC-CTL) |

ORIGINAL PROCEEDING in mandate challenging an order of the Superior Court of San Diego County, Timothy B. Taylor, Judge. Petition granted.

Strategic Legal Practices, Tionna G. Cavalho, David W. Lunn; Greines, Martin, Stein & Richland, Laurie J. Hepler, Cynthia E. Tobisman and Joseph V. Bui for Petitioner.

No appearance for Respondent.

Nelson Mullins Riley & Scarborough, Tammy Bokmuller, Michael J. Hurvitz and Patrick J. Raue for Real Party in Interest.

Leah Lorch petitions this court for a writ of mandate after the trial court denied her Code of Civil Procedure section 170.6 peremptory challenge to Judge Timothy B. Taylor, the judge newly assigned to preside over the trial of her case.[1] Judge Taylor ruled that the peremptory challenge was untimely under the master calendar rule, which requires a party to file a section 170.6 challenge "to the judge supervising the master calendar not later than the time the cause is assigned for trial." (§ 170.6, subd. (a)(2).) After denying the peremptory challenge and refusing to stay the trial, Judge Taylor immediately began a two-day jury trial, which resulted in a defense verdict and judgment in favor of defendant and real party in interest Kia Motors America, Inc. (Kia). Lorch then filed this petition within the statutory 10-day period. (§ 170.3, subd. (d).)

Lorch contends that the previously assigned judge's reassignment of her case to Judge Taylor was not a true master calendar assignment under section 170.6, and her peremptory challenge was therefore timely because it was filed before trial started. She seeks vacatur of Judge Taylor's orders denying her section 170.6 challenge and contends that all of Judge Taylor's subsequent orders, as well as the judgment, are void for lack of jurisdiction.

Kia does not dispute the merits of Lorch's contentions. Instead, it argues that her petition should be denied because she failed to seek a stay and review by this court before trial concluded. Although Lorch complied with the 10-day statutory deadline, Kia contends that she prejudicially delayed filing her writ petition, and it should therefore be barred on laches grounds.

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

2

We hold that Lorch's section 170.6 challenge was timely filed before commencement of trial, and we reject Kia's laches argument. We also conclude that Superior Court of San Diego County, Local Rules, rule 2.1.3 (rule 2.1.3), which purports to provide any superior court judge with the power to act as a master calendar department for purposes of assigning cases for trial, is inconsistent with section 170.6 and case law interpreting the statute. We therefore grant the petition with directions to vacate the void orders and judgment entered by Judge Taylor after denying the peremptory challenge.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Leah Lorch is the plaintiff in the action *Lorch v. Kia Motors America, Inc.,* in San Diego County Superior Court, case No. 37-2020-00043357-CU-BC-CTL, filed in 2020. The defendant in that action, Kia, is the real party in interest here.

In October 2023, the case was assigned to Judge Robert C. Longstreth for all purposes. On the morning of Friday, February 2, 2024, counsel for both parties appeared for a pretrial conference before Judge Longstreth in Department 65. Judge Longstreth advised counsel that he was trying another case, and counsel should therefore report back to Department 65 on Monday, February 5, at 1:30 p.m., when he would advise the parties as to which judge would try their case. Judge Longstreth stated that the parties would be able to lodge any peremptory challenge to the new judge at that time. A minute order from Department 65 entered at 9:45 a.m. on that Friday confirms the trial court's instruction to the parties to report back on Monday afternoon: "The Court notes this matter may be placed on the wheel depending on the Department's availability. [¶] Civil Jury Trial is continued

3

pursuant to Court's motion to 02/05/2024 at 01:30PM before Judge Robert Longstreth."

Later that same Friday, at 2:53 p.m., Judge Longstreth's court clerk left a voicemail for Lorch's counsel stating that the case had "been picked up by Judge [Timothy] Taylor" for purposes of trial. The clerk further stated: "[F]eel free to give me a call . . . if any parties are going to challenge the judge and if also you could reach out to opposing counsel as well and let them know that this case will be going to [J]udge Taylor . . . ." Little more than an hour later, at 4:00 p.m., Judge Longstreth entered a minute order declaring: "A master calendar assignment has been made as both sides have waived any challenge under [section] 170.6. [¶] Civil Jury Trial is continued pursuant to Court's motion to 02/05/2024 at 01:30PM before Judge Timothy Taylor in Department 2004." Neither party was served with the minute order.

Because the court did not serve the minute order on the parties, they continued acting in accordance with the clerk's voicemail message. As the clerk had requested, Lorch's counsel forwarded the message to counsel for Kia. Counsel met and conferred via email at 4:07 p.m. and 5:30 p.m., with Kia's counsel stating that Kia was not going to challenge Judge Taylor, and Lorch's counsel responding that she was going to challenge him.

The next day, on Saturday, February 3, 2024, Lorch's counsel submitted for filing her peremptory challenge to Judge Taylor under section 170.6 and served it on Kia. Lorch's counsel mistakenly checked the form's "party" box instead of the "attorney" box, signing it on behalf of Lorch rather than as counsel's own declaration.

The court file-stamped Lorch's section 170.6 challenge at 10:16 a.m. on Monday, February 5. At around noon that day, Lorch's counsel learned for the first time, via text from Kia's counsel, that the case had been assigned to

4

Judge Taylor and the parties had been directed to appear before him at 1:30 p.m. Judge Taylor then issued an order denying Lorch's section 170.6 challenge on the grounds that it was "untimely" and "not in proper form" because Lorch's "attorney purport[ed] to sign for his client."

When the parties appeared before Judge Taylor that afternoon, Lorch's counsel raised the issue of the peremptory challenge, and Judge Taylor informed him of the error on the form. Lorch's counsel thus re-filed the section 170.6 peremptory challenge form, this time checking the correct box, at 8:03 p.m. that night.

The next morning, on Tuesday, February 6, Lorch's counsel again raised the issue of the peremptory challenge, asking Judge Taylor if the parties could "make a record" of what had been discussed in court the day before. Judge Taylor allowed counsel to do so, stating: "I need to hear from plaintiff's counsel about why they dislike me so much." Lorch's counsel stated: "[A]s the Court knows we filed a Rule [1]70.6 peremptory challenge, which was denied by this Court. We think it was inappropriate for this Court to address it. Department C65 should have addressed it. We then filed an ex parte application in Department C65 and requested this Court stay this proceeding until Department C65 had an opportunity to rule on the ex parte, and this Court declined to do so, over objection. [¶] We understand that you went forward with motions in limine and then with jury selection today without a court reporter, over the party's objections. . . . And we're proceeding here under protest. As I said earlier, we don't believe this Court has proper jurisdiction." Counsel went on to assert that Lorch had timely exercised a peremptory challenge.

Judge Taylor stated: "You untimely exercised a defective peremptory challenge is what happened." Lorch's counsel argued that even where a

peremptory challenge is defective, the court should allow the party to make a correction, which Judge Taylor did not permit. Counsel requested that the trial court issue a stay in the matter to allow Lorch to file a writ petition with the Court of Appeal. Judge Taylor responded: "[Y]our request to stay the case pending a writ application to the Court DCA is denied. Please ask them for a stay. You're free to do that. If they stay the case, fine. I'll honor that. Okay? Thank you." Trial began later that day.

That same day, Lorch filed an ex parte application to be heard before Judge Longstreth in Department 65, seeking relief from his assignment of the case to Judge Taylor and the subsequent denial of Lorch's peremptory challenge. The hearing was set for February 9.

On February 7, Judge Taylor signed a denial of Lorch's corrected section 170.6 challenge, this time solely on the grounds that it was "not timely." On February 8, the jury reached a verdict. On February 9, Judge Longstreth denied Lorch's ex parte application. Judge Taylor entered judgment against Lorch the same day.

On February 14, 2024, Lorch filed the instant petition seeking a writ of mandate directing the trial court to (1) vacate its orders of February 5 and 7, 2024 denying her section 170.6 peremptory challenge to Judge Taylor, (2) enter a new order granting the peremptory challenge, (3) vacate all orders entered by Judge Taylor on or after February 5, and (4) vacate the judgment entered on February 9. Kia filed a preliminary opposition to the petition, and Lorch filed a reply.

We issued an order to show cause why the relief requested should not be granted, stating that absent objection, Kia's informal response would be deemed its return to the order to show cause. Kia did not file an objection.

6

We therefore resolve the petition based on the preliminary papers filed by the parties.

## DISCUSSION

### A. *The Writ Petition Is Not Barred by Laches*

Kia does not defend the merits of Judge Taylor's ruling that Lorch's peremptory challenge was untimely under the master calendar rule. Kia also admits that Lorch's writ petition was filed in this court within the requisite 10-day statutory period of the ruling she challenges. (§ 170.3, subd. (d).) It contends, however, that writ relief should be denied "based on [Lorch]'s failure to seek a stay and review by this court *before* the conclusion of that trial." According to Kia, the petition should be barred on laches grounds because it has been unfairly prejudiced by Lorch's delay.

We need not decide whether the equitable defense of laches is properly raised in opposition to a writ petition seeking relief from the denial of a section 170.6 challenge when the petition was filed within the statutory deadline. Even if it were, we would determine that it does not apply here. " 'The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay.' " (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 68.) We conclude that Lorch did not unreasonably delay the filing of her petition. Judge Taylor denied Lorch's first section 170.6 challenge the day before trial started. On the first day of trial, he refused Lorch's request to stay the trial to allow her to seek writ relief, and the jury returned a verdict just two days later. Realistically, it would not have been feasible for Lorch to get a writ prepared and filed and a stay entered before trial started, or even before it ended. Once Judge Taylor denied the challenge and refused to stay the trial, counsel for Lorch understandably devoted their full attention to the

7

trial. We see nothing unreasonable about Lorch's actions, and we therefore conclude that even if a laches defense could defeat a writ petition that was filed within the relevant statutory deadline, it would not do so here.

### B. The Section 170.6 Challenge Was Timely Filed Before Commencement of Trial

Section 170.6 provides that a "judge, court commissioner, or referee of a superior court of the State of California shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge or court commissioner is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding." (§ 170.6, subd. (a)(1).) Prejudice for purposes of the statute is established by a motion supported by a declaration under penalty of perjury or an oral statement under oath that the assigned judge is prejudiced against a party or attorney such that the party or attorney believes they cannot have a fair and impartial trial or hearing before the judge. (*Id.*, subd. (a)(2); *Maas v. Superior Court* (2016) 1 Cal.5th 962, 972– 973 (*Maas*).)

"The right to exercise a peremptory challenge under section 170.6 is a substantial right and an important part of California's system of due process that promotes fair and impartial trials and confidence in the judiciary." (*Hemingway v. Superior Court* (2004) 122 Cal.App.4th 1148, 1158.) So long as the peremptory challenge is timely and in proper form, "disqualification of the judge is mandatory, without any requirement of proof of facts showing that the judge is *actually* prejudiced." (*Maas, supra*, 1 Cal.5th at p. 972.) The statute must "be liberally construed in favor of allowing a peremptory

8

challenge, and a challenge should be denied only if the statute absolutely forbids it." (*Id*. at p. 973 [cleaned up].)

Trial courts have no discretion to deny a section 170.6 challenge filed in compliance with the statute's procedures. (*Bontilao v. Superior Court* (2019) 37 Cal.App.5th 980, 987.) "Because the trial court exercises no discretion when considering a section 170.6 motion, it is appropriate to review a decision granting or denying a peremptory challenge under section 170.6 as an error of law." (*Id*. at pp. 987–988 [cleaned up].) We therefore apply a de novo standard of review. (*Id*. at p. 988.)

Generally, a party may challenge a judge under section 170.6 any time before a trial or contested hearing begins. (*People v. Superior Court* (*Lavi*) (1993) 4 Cal.4th 1164, 1171 (*Lavi*).) Subdivision (a)(2) of section 170.6, however, establishes three exceptions to the general rule: (1) the all-purpose assignment rule; (2) the 10-day/5-day rule; and (3) the master calendar rule. (*Id*. at pp. 1171–1172.) The master calendar rule is the only exception relevant here. It provides that where a party is "directed to the trial of a cause with a master calendar, the [section 170.6] motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial." (§ 170.6, subd. (a)(2); see also *Lavi*, at p. 1172.) Even a delay of several hours is deemed untimely under the master calendar rule. (*Lavi*, at p. 1172.)

Lorch contends that she timely challenged Judge Taylor under the general rule of section 170.6, which requires only that the peremptory challenge be submitted before trial begins, and her request should have been granted. She further contends that the master calendar rule, on which the trial court relied in denying her peremptory challenge, does not apply here for three reasons: (1) the court clerk's phone call did not trigger the master

9

calendar rule; (2) the assignment here—on Friday afternoon for a trial that began on Tuesday morning—does not qualify as a true master calendar assignment because it was not ready for immediate trial; and (3) the provision of rule 2.1.3 that empowered Judge Longstreth to issue the purported master calendar order is unlawful.

We agree with Lorch that the master calendar rule could not have been triggered by the court clerk's voicemail as a matter of law. Lorch relies on *Stevens v. Superior Court* (1997) 52 Cal.App.4th 55, 57 (*Stevens*), where the court concluded that the master calendar rule "does not apply to an assignment made via telephone by a court clerk." In *Stevens*, a civil case was ready for trial, but because there were no courtrooms available, the matter was placed on a day-to-day trailing basis. (*Ibid*.) Sometime after 3:00 p.m. on a Thursday, one week after the case had begun trailing, defense counsel's secretary received a call from a court clerk stating that the case had been assigned to a judge for trial beginning the next Monday. (*Ibid*.) She informed the attorney of the assignment at around 4:15 p.m., and he told her to call the court to indicate that the defense would file a peremptory challenge. (*Id*. at pp. 57–58.) By that time, however, the court had closed. Defense counsel filed a section 170.6 preemptory challenge the next morning. The assigned judge denied the challenge as untimely under the master calendar rule, finding that the defense should have " 'indicate[d] to the clerk that they were at least making an oral challenge, which would be confirmed by a written challenge, which would be filed immediately.' " (*Id*. at p. 58.) The court added, " '[o]f course, that wasn't done. No challenge was filed until the next day . . . . [¶] So, that under the clear provisions of [section] 170.6 the challenge is untimely.' " (*Ibid*.)

The Court of Appeal disagreed. "Quite simply, the master calendar rule is not applicable to the procedure used in this case. The assignment was not made by a master calendar judge but by a 'division manager' who we understand to be a person holding an administrative capacity in the clerk's office. The master calendar exception provides that the challenge be made immediately to the master calendar judge—not a court clerk." (*Stevens, supra*, 52 Cal.App.4th at p. 59.) The court went on to explain: "The master calendar exception envisions that the parties' attorneys are personally before the court when the assignment is made. It requires the challenge be made immediately upon the assignment in order to permit the judge in the master calendar department to make an immediate assignment to another department and immediately to utilize the challenged judge for some other pending case. However, . . . when the parties were not present before the court when the assignment was made by a clerk for trial to begin in a few days, the rationale for the master calendar rule does not apply." (*Id.* at pp. 59–60 [cleaned up].)

*Stevens* is directly on point here, and it follows that the trial court erred in applying the master calendar rule to bar Lorch's section 170.6 challenge. The parties were not present before the court when the assignment was made. Instead, the court clerk called the parties to notify them of the assignment, and the clerk did not even speak directly with counsel but rather left a voicemail. There was no opportunity for Lorch to assert her preemptory challenge "immediately to the master calendar judge." (*Stevens, supra*, 52 Cal.App.4th at p. 59; see also *People v. Escobedo* (1973) 35 Cal.App.3d 32, 38 [section 170.6 requires that a motion to challenge a master calendar assignment "be made, if at all, in the master calendar department immediately upon the announcement of the assignment"].) Under these

11

circumstances, we conclude that the master calendar rule does not apply. It is therefore clear that Lorch's section 170.6 challenge was timely, as she filed her corrected form before trial started.[2] (See *Lavi, supra*, 4 Cal.4th at p. 1171.)

Although this conclusion is sufficient to warrant the issuance of a writ of mandate, we will address Lorch's contention that rule 2.1.3 is invalid to prevent the issue from arising again. As we will explain, we agree with Lorch that rule 2.1.3 is inconsistent with section 170.6 and binding precedent interpreting the statute. (See *Lavi, supra*, 4 Cal.4th at p. 1174.)

The Supreme Court in *Lavi* concluded that a "court may not subject every case assignment to the master calendar rule of section 170.6 simply by labeling the assigning court a 'master calendar department.' " (*Lavi, supra*, 4 Cal.4th at p. 1174; *cf. Ruiz v. Appellate Division of the Superior Court* (2004) 119 Cal.App.4th 282, 291–292 ["[W]e are aware of no precedent for individual trial courts to act as surrogate master calendars . . . ."].) Yet this appears to be precisely the intent and effect of rule 2.1.3. The rule provides that, "[a]t the time an action is filed, it will be assigned either to the master calendar or to a judge for all purposes. . . . [¶] . . . [¶] A case initially assigned to an independent calendar judge for all purposes may be reassigned to the court's master calendar if, at the time of trial call, it is determined that although the case is ready for trial the assigned judge will not be trying the matter. *The*

---

[2]     Lorch had the right to correct the box-checking error on her peremptory challenge form. A party's "important right" under section 170.6 "should not be defeated by a failure to comply with a formality, particularly when the attorney offers to correct his omission in open court." (*Retes v. Superior Court* (1981) 122 Cal.App.3d 799, 807 (*Retes*) [finding that the trial court should have permitted counsel to correct his section 170.6 declaration, which he had inadvertently left unsigned].)

*assigned judge or another judge, acting in his or her capacity as a 'judge supervising the master calendar'* (see Code Civ. Proc., § 170.6, subd. (a)(2)), will notify the parties of the name of the judge who has been assigned to try the case *pursuant to the court's master calendar*." (Super. Ct. San Diego County, Local Rules, rule 2.1.3, italics added.) "Accordingly, if any of the parties intend to challenge the judge assigned for trial pursuant to Code of Civil Procedure section 170.6, subdivision (a)(2), they must do so at the time they are notified of the assignment." (*Ibid.*)

Here, Lorch's action was assigned to Judge Longstreth for all purposes, including trial. Although Judge Longstreth did not cite rule 2.1.3 when he issued the order declaring that a "master calendar assignment" had been made and reassigning Lorch's case to Judge Taylor, he necessarily relied on the rule to do so. Rule 2.1.3 permitted Judge Longstreth—and would permit any other judge—to act as a judge supervising the master calendar. Under our reading of *Lavi,* this runs afoul of section 170.6 and the policy underlying the master calendar rule. A local court rule may not alter the true meaning of the statute by effectively deputizing every judge of the court to act as a master calendar judge. (See *Contractors Labor Pool v. Westway Contractors* (1997) 53 Cal.App.4th 152, 169 ["To the extent a local rule conflicts with a state statute, the rule is invalid."].)

This rule is also invalid to the extent it allows a judge to act in the capacity of a master calendar judge without notification to the parties. Even if Judge Longstreth "was managing a true master calendar when he assigned this case" to Judge Taylor, "the master calendar rule does not apply unless the parties had advance notice Judge [Longstreth] was acting as master calendar judge then." (*Entente Design, Inc. v. Superior Court* (2013) 214 Cal.App.4th 385, 391 (*Entente Design*) [concluding master calendar rule did

not apply to section 170.6 challenge where case was not trial ready when transferred and parties did not have notice the assigned judge was acting as a master calendar judge when he made the transfer].)  As in *Entente Design*, the record here does not show that the parties had advance notice Judge Longstreth was acting as a master calendar judge before he assigned this case to Judge Taylor for trial.  (*Entente Design*, at p. 392.)

According to the transcript of the voicemail left for Lorch's counsel, the clerk stated only that the case had "been picked up by Judge Taylor."  There was no mention of a master calendar reassignment in the clerk's voicemail.  Judge Longstreth's minute order from earlier that day also neglected to mention any master calendar reassignment, instead stating only: "The Court notes this matter may be placed on the wheel depending on the Department's availability."  Because a master calendar judge and an all-purpose judge "function differently," the parties would not have necessarily anticipated that Judge Longstreth would be acting as a master calendar judge when he assigned the case to Judge Taylor.  (*Entente Design, supra*, 214 Cal.App.4th at p. 392.)  As the court in *Entente Design* observed, "[i]t would have been more reasonable for them to believe the transfer of the case to Judge [Taylor] was encompassed within Judge [Longstreth]'s all-purpose assignment duties."  (*Ibid*.)  The only indication we see from the record of a master calendar reassignment came *after* the purported reassignment had already occurred, when Judge Longstreth's department issued a factually inaccurate minute order—which was not served on the parties—stating that a "master calendar assignment has been made as both sides have waived any challenge under [section] 170.6."

14

For these reasons, we conclude that the master calendar reassignment procedure outlined in rule 2.1.3 is invalid.  We encourage the superior court to revise the rule to bring it into compliance with the law.

*C. The Subsequent Orders and Judgment Are Null and Void*

"The law is clear that when a party properly makes a motion under section 170.6 and the judge against whom it is directed fails to disqualify himself from hearing the matter before him, his action thereon and his subsequent orders and judgment are null and void." (*Retes, supra*, 122 Cal.App.3d at p. 807.)  We thus conclude that Judge Taylor's orders denying Lorch's section 170.6 challenge, his subsequent orders in this action, and the judgment are null and void.

## DISPOSITION

Let a peremptory writ of mandate issue directing the San Diego County Superior Court to vacate and set aside its order on February 2, 2024 purporting to make a master calendar assignment and its orders on February 5, 2024 and February 7, 2024 denying Lorch's peremptory challenge of Judge Taylor under section 170.6; to enter a new order granting the peremptory challenge; to set aside all other orders by Judge Taylor in this matter on or after February 5, 2024; and to vacate the judgment entered against Lorch on February 9, 2024. All further proceedings against Lorch are to be conducted before a judge other than Judge Taylor. Lorch is entitled to recover her costs in this proceeding.

BUCHANAN, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

16